DAVID N. HYDE, Appellant, *v.* NICHOLAS LAMBERSON ET AL., Respondents.

LIMITATION—DEMURRER—BILLS OF REVIEW—PRACTICE.—The statute of limitations can not be set up by demurrer, and by analogy the same rule applies to the time within which bills of review are to be filed.

DISCRETION—BILLS OF REVIEW.—Leave to file a bill of review which seeks to correct an error not apparent upon the decree which it seeks to reverse, is within the discretion of the court.

PRACTICE—BILLS OF REVIEW.—After a defendant has demurred to a bill of review, he can not raise an objection to the right of the plaintiff to file it. To avail himself of such objection, he should move the court, on his first appearance, to strike the bill from the files, or to dismiss the suit.

APPEAL from the district court of the second judicial district, Ada county.

*Prickett* v. *Hasbrouck*, for the appellant.

*J. Brumback*, for the respondents.

HOLLISTER, J., delivered the opinion. WHITSON, J., concurred. NOGGLE, C. J., dissented.

The original bill, on which the decree which this proceeding seeks to correct, was filed in the district court of Ada county, on the nineteenth day of October, 1869, for the foreclosure of a mortgage executed by the defendant N.

Lamberson to plaintiff, conveying to the plaintiff the west half and the north-east quarter of the north-east quarter of section 4, in Ada county, excepting, etc., and such proceedings were thereon had, that on the twentieth day of April, 1870, a decree was rendered by the court against Lamberson in favor of the plaintiff for the sum of one thousand and seventy-three dollars and eleven cents, and an order entered that the premises be sold.

On the ninth of May following, the clerk of the court issued an order to the sheriff for the sale of the premises, which was returned by order of plaintiffs' attorneys, without any sale, on the twenty-second day of the succeeding June. A mistake in the description of the premises thus conveyed and decreed to be sold, having been discovered after the decree had been enrolled, the plaintiff presented his petition to the court, duly verified, on the eleventh day of November, 1871, asking leave to file his bill of review, for the purpose of having the decree corrected so that it might conform to the description of the premises which the defendant, N. Lamberson, in and by his said mortgage, intended to convey. Of the time and place for presenting the petition, this defendant had due notice, and the court, on the eleventh day of November, 1871, after a full hearing of counsel on both sides, granted such leave. On the twelfth day of February following, the bill of review was filed. The defendant, Hull, who was made a party to the proceeding, failing to answer, was defaulted, and on the sixteenth of March, the defendant, N. Lamberson, put in his demurrer, denying in general terms the equities of the bill, and at the same time filed his answer, by which it was disclosed that since the decree in the original case was rendered, he had intermarried with the defendant, Hannah Lamberson, and that she had an interest in the subject-matter of the suit.

Exceptions were taken by the plaintiff to several portions of the answer, which were overruled by the court, and on leave given, he filed his amended bill, making the defendant, Hannah Lamberson, a party to the action. The amended bill contained the averments of mistake, etc., as stated in the original bill.

On the tenth of October following, the defendant, N. Lamberson, entered his motion to strike the amended bill from the files, on the ground that it did not any longer purport to be a bill of review, but a new and independent action, to reform the contract and decree. On the same day he and the defendant, Hannah Lamberson, interposed their separate demurrers to the amended bill, and for cause, alleged that the same did not state facts sufficient to constitute a cause of action, which were sustained by the court, and a decree rendered dismissing the case and for the recovery of their costs. From this decree the cause comes here by appeal.

The bill of review as amended, distinctly alleges that the description of land actually conveyed by the mortgage and the decree for the sale of the land, were erroneous in this: that it was thus described as the west half and the north-east quarter of the north-east quarter of the section, when in truth and in fact, it was the intention of the parties that the west half and the north-east quarter of the south-east quarter of the section, should be conveyed. By these demurrers, it is claimed by defendant's counsel, the question was raised that the time within which the bill of review should be brought to reverse and reform the erroneous decree had barred the right, and that, accordingly, the amended bill should be dismissed. It is conceded that more than one year had elapsed after the discovery of the mistake before the bill was filed. It is undoubtedly the law that a bill of review to reverse a decree erroneous upon its face, by analogy to the time for taking appeals, must be filed within one year from its enrollment, and the same rule applies to a bill brought for the same purpose where the decree itself shows no error, but which error is afterwards discovered when the same period of time has elapsed after the error was discovered.

Before a bill for the latter cause can be filed, leave of the court must be obtained, and should leave be given and the bill filed, in such a case it would be an error which the defendant might have corrected, by proper proceedings for the purpose, in the appellate court. When, however, the court

has given leave, it operates as a protection to the party filing the bill, and no advantage can be taken of the error by demurrer.

In overruling the motion for a new trial, and in deciding the demurrer to the amended bill, the counsel for defendant seemed to be of the opinion that because the petition had not been prevented and the bill filed within one year, after the discovery of the error, the irregularity was so fatal to the equities of the plaintiff, that a demurrer would reach it on that ground. In support of this view many authorities have been cited, all of which we have carefully considered, and among them is 10 Wheat. 152. In this case this question was fully considered, and the court say that a bill not filed within the prescribed period for error apparent on the face of the decree, should be dismissed for that reason; but as the bill was filed on leave of the court, it was the unanimous opinion of the judges, that they would give no opinion upon the question, but adjudged that the bill should be dismissed, but solely on the ground that it showed that the plaintiff was not entitled to the relief sought. The question in 16 Ves., jun., arose upon the application for leave to file the bill, and for that reason leave was denied. To the same effect is the rule as stated in 2 Daniell's Ch. Pr. and Pl. 1638, 1641. We have seen in none of the authorities to which our attention has been called any law which goes to show that a demurrer can raise this question. On the contrary the doctrine appears to be well settled, that after a bill has been filed, whether on leave of the court for error not apparent upon the decree, or without leave, when the error is apparent after the proper time has elapsed, it can not be dismissed except upon a motion entered for that purpose at the first appearance of the defendants.

In *Avery* v. *Phelps*, 17 Ves. 177, the lord chancellor says, leave of the court to file the bill gives protection. The supreme court of Illinois, in *Griggs* v. *Geer*, 2 Gil. 2, say: "Leave to file the bill rests in the discretion of the court; and that, after a defendant has demurred to a bill of review, he can not raise an objection to the right of the plaintiff to file it." This we believe to be the true rule, and as such

we feel disposed to adopt it. It is urged that it is inequitable and unjust for the plaintiff to lie by for so great a length of time, because of the rapid accumulation of the interest on the debt at the high rate contracted to be paid.

It must be confessed that we are unable to understand the force of such an argument. So far as we have looked into equity cases, it has never been held that lenity shown by a creditor to one indebted to him, by extending the time for payment of the debt, was inequitable or unconscionable. In business circles and in law, it has always been considered as a favor to show indulgence in this manner. It was entirely within his power, and it became his legal and moral duty to pay the debt when due, and if he has failed to do so, he surely can not complain of the delay to collect it. It is objected that, instead of seeking relief in this form of action, he should have appealed from the decree complained of. The answer to this is obvious. There was nothing appearing upon the decree of the proceedings in the action which showed that any error had been committed. Only the record of the proceedings of the district court could have been brought under review in the supreme court, and no error appearing, the judgment must have been affirmed.

Upon the whole view of the case, we can come to no other conclusion from the authorities than that, by appearing and demurring to the amended bill, the defendants waived the objection that it was not filed in time, and that the judgment should be reversed and the cause remanded, and the defendants be permitted to answer to the merits of the bill.

Reversed.