This is a possessory action filed by members of an unincorporated religious society, known as the New Zion Baptist Church. The petitioners set forth that the New Zion Baptist Church is the owner of one acre of land with improvements thereon, in the Sixth Ward of the Parish of East Feliciana, State of Louisiana, having acquired this property by purchase from one Laurence Odom on June 4, 1946, as per deed in Book U-2, Folio 537-538; that there is located on this land the church building of plaintiffs' unincorporated religious society which is known as New Zion Baptist Church; that on or about July 24, 1948 the defendants, Roy Strain and Mrs. Roy Strain, pretending to be the owners of the property disturbed petitioners' possession by themselves taking possession of the church building and placing a padlock on the door and forbidding petitioners the use of the church. It is also alleged in the petition that the defendants threatened to tear down the petitioners' church building and remove same. The petitioners then allege that they had the real and actual possession of the property at the time the disturbance occurred and that they have had possession thereof, quietly and without interruption, by virtue of their title, for more than one year previous to their being disturbed; that due to the acts of the defendants, the petitioners have suffered a real disturbance in fact, and that less than one year has elapsed since the disturbance occurred. The petitioners therefore pray for judgment in their favor and against the defendants, restoring to the petitioners the possession of the said property and maintaining them in their possession thereafter and quieting same.
The defendants deny the material allegations of plaintiffs' petition and allege that they were the bona fide purchasers of the New Zion Baptist Church property, which sale took place on the 17th day of July, 1948, and is duly recorded in Book V-2, Folio 610 of the records of the Parish of East Feliciana. Defendants specifically admit that they took possession of the church and placed a padlock upon it but deny that they forbid anyone worshiping in this church.
The case was duly tried and judgment, with written reasons therefor, was rendered in favor of the defendants and against the plaintiffs, dismissing their suit at their cost, whereupon the plaintiffs secured an order for suspensive and devolutive appeal and perfected same to this Court.
The facts in the case are very simple. In September, 1947, a dispute arose among the members of the New Zion Baptist Church as to whether Laurence Odom, one of the plaintiffs, or O. L. Smith was the duly elected pastor of this church. On September 27, 1947, O. L. Smith was notified by some of the members of the church that he had been elected pastor and they requested that he come and take charge of his duties. He appeared and together with some of his supporters went to the New Zion Baptist Church, whereupon they were opposed by some of the supporters of Laurence Odom who refused to allow O. L. Smith and his supporters to go into the church. Apparently there were some heated words and, as a result, two of Odom's supporters, Irene McVea and Josie Lea Washington, who are also plaintiffs in the present suit, were tried and convicted on a criminal charge of disturbing the peace. Smith and his followers withdrew without making any attempt to wrest the control and possession of the church from Odom and his followers. However, from that date they withdrew from the church and later built their own church at a new location which they called the Greater New Zion Church.
The members of the Greater New Zion Church and followers of Rev. O. L. Smith sold or purported to sell the property in dispute to the defendants, Roy Strain and *Page 187 
Mrs. Roy Strain. Mr. and Mrs. Strain are members of the white race while the other parties involved are members of the colored race. The defendants then took possession of this church premises by locking the church door and suggesting to the plaintiffs that they discontinue the use of the church house. These colored people treated the suggestion as a command.
The District Judge, in his reasons, found that petitioners had proven all facts necessary to sustain their cause of action and to entitle them to the relief prayed for except one and that was to the effect that they had failed to prove one of the essential elements of this possessory action in that they had not "been in quiet possession of the property disturbed for one year preceding the overt act complained of. The word 'quiet' is defined as: 'Unmolested, tranquil, free from interference or disturbance' Blacks Law Dictionary." The judge of the District Court held that as the congregation had had serious differences over who should be its pastor and which finally resulted in criminal charges and conviction of two of the members for disturbing the peace that "the wrangling over the matter has been going on for some time and has been of such character as to necessarily make plaintiffs' possession unquiet in any sense of the word."
The essential element of the possessory action is contained in Article 49 of the Louisiana Code of Practice, which reads:
"In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a possessory action, it is required:
"1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient;
"2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud;
"3. That he should have suffered a real disturbance either in fact or in law;
"4. That he should have brought his suit, at the latest, within the year in which the disturbance took place.
"When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action."
Also pertinent to the issues are Articles 50, 51 and 52 of the Code of Practice which read:
"50. Kinds of disturbance. — The disturbance which gives rise to the possessory action may be of two kinds; disturbance in fact, or disturbance in law."
"51. 'Disturbance in fact' defined. — Disturbance in fact occurs when one, by any act, prevents the possessor of a real estate, or of a right growing from such an estate, from enjoying the same quietly, or throws any obstacle in the way of that enjoyment, or evicts him through violence, or otherwise."
"52. 'Disturbance in law' defined — Demand insufficient. — Disturbance in law takes place when one, pretending to be the possessor of a real estate, says that he is disturbed by the real possessor, and brings against the latter the possessory action; for in such a case the true possessor is disturbed by this action, and may also bring a possessory action, in order to be quieted in his possession.
"But in no case shall the mere demand in revendication of a real estate, or of a real right, be considered as a disturbance in the enjoyment of a possessor, and entitle him to bring a possessory action."
The Articles of the Code of Practice would appear to make it clear that a possessor does possess quietly and without interference unless and until he suffers a real disturbance to his possession.
Counsel for plaintiff cited the case of Pittman v. Bourg,179 La. 66, 153 So. 22-24, in which the Court said:
" 'Barring such a disturbance "in fact or in law" (continuing for more than a year), John B. Pittman, his heirs or assigns *Page 188 
would be presumed to have continued to enjoy their initial possession, and entitled to provoke the possession action in vindication thereof.' "
" 'Neither the granting of a trapping or mineral lease amounts to a disturbance in law or in fact against the established possession of a third person, not a party to such lease. The actual disturbance, if any, must be accomplished bysome actual deed or act that "brings home" to the "actualpossessor," the realization that his dominion is beingseriously challenged. That is not accomplished by the execution of contracts to which he is a stranger.' " (Emphasis ours.)
" 'A disturbance, if made, must also be supplemented by a continuance of more than a year, in order to warrant the disturber in invoking the possessory action. * * *' "
Plaintiff also cites Glass v. Stewart, 16 La. App. 387, 133 So. 787, in which case the plaintiff and defendant had been wrangling over the ownership of a piece of land for some years. The defendant visited and walked over the disputed property and also attempted to sell the timber therefrom and, finally, interfered with plaintiff's tenant to such an extent that he was prevented from cultivating the land and it was this act upon which the plaintiff brought a possessory action. As stated by counsel for plaintiff, the court maintained the possessory action although it could hardly be said that the plaintiff's possession was "tranquil and unmolested." The Court, 133 So. on page 789, said:
"Neither did the fact that defendants visited and walked over the land and made some effort to sell it constitute a taking of actual corporeal possession of it. This only indicated that they claimed to own it, but nothing more. * * *
"During all the years in which both plaintiff and defendants claimed ownership of this property, plaintiff was by far the most active in taking actual corporeal possession, in that he rented it and collected rents from it during a number of years. He paid taxes on it a greater portion of the time, and on each occasion defendants attempted to take possession they were met by vigorous protests from plaintiff."
In the recent case of Rayson v. Beck et al, La. App.,19 So.2d 734, which was a possessory action, the Court held:
"Possessory Action: Where defendants, within a year of disturbance of plaintiff's possession complained of, had so far interfered with plaintiff's administration and management of realty as to demand and receive rents from tenants on property, plaintiff lacked requisite quiet and uninterrupted possession for more than a year prior to disturbance to enable plaintiff to maintain possessory action. Code Prac. arts. 6, 49."
Again on page 736 of 19 So.2d the Court said:
"In this case we are dealing not with the execution of contracts, but with incidents of actual disturbance, of which incidents this plaintiff had knowledge and certainly should have had realization that they constituted a challenge to her dominion and a disturbance to her possession."
In the instant case, the only disturbance was a disturbance of the peace and not a disturbance of plaintiff's possession. They remained in possession and held their possession without interruption as required by law until the commission of the act complained of by the defendant. We are of the opinion that the plaintiffs have proven their case.
For the reasons above set forth, the judgment of the lower court is hereby reversed. There is now judgment in favor of plaintiffs and against the defendants, Roy Strain and Mrs. Roy Strain, as prayed for, decreeing plaintiffs to be in the possession of the following described property, viz.: One (1) acre of land, with the improvements thereon, being and located in the Sixth Ward of the Parish of East Feliciana, State of Louisiana and described as being taken from the southwest corner of 25 acres of land bought by Laurence Odom as per deed in Book N-2, folio 418, bounded north and east by Odom; south by Natalbany Lumber Co. and west by Natalbany Lumber Co.; located in the southwest corner of Section 44 T 3 S R 3 E, East Feliciana Parish, Louisiana. *Page 189 
It is further ordered and decreed that a writ of injunction issue as prayed by plaintiffs, permanently enjoining and restraining defendants from further trespassing on said property or from interfering in any way with plaintiffs in their possession and occupancy of same.
It is further ordered that defendants pay costs in both Courts.