544 P.2d 299

**Floyd LOOMIS et al., Plaintiffs-Appellants,**

**v.**

**UNION PACIFIC RAILROAD COMPANY and Oregon Short Line Railroad Company, Defendants-Respondents.**

**No. 11712.**

Supreme Court of Idaho.

Dec. 17, 1975.*

Ward E. Hower, Cascade, for plaintiffs-appellant.

---

* A previous opinion, filed October 15, 1975, as to which rehearing was denied December 12, 1975, is withdrawn and this opinion substituted therefor.

E. C. Phoenix, Pocatello, for defendants-respondents.

McQUADE, Chief Justice.

This is a dispute over the ownership of a parcel of land located in Valley County, Idaho, which borders, in part, on the Cascade Reservoir. The disputed parcel of land contains 1.081 acres, and measures approximately 90 feet on the north end, extending south 675 feet with a southern boundary measuring 50 feet. Defendant-respondent Oregon Short Line Railroad [1] claims ownership of the parcel by virtue of a deed dated September 12, 1913. Plaintiffs-appellants Floyd and Viola Loomis (the senior Loomises) and Donald and Diana Loomis (the junior Loomises) base their claim for title over the disputed property on the theory of adverse possession.

The facts of this case may be summarized as follows. In 1913, Oregon Short Line Railroad Company purchased and received a deed for 6.3 acres of land from Parker V. Lucas, Etta J. Lucas, A. B. Lucas and Ella M. Lucas. The land was purchased for right of way purposes, and the railroad laid its track through this property sometime in 1913. The trial court found that the disputed 1.081 acres of land was included within the confines of the land description in this particular deed, and that therefore title to the disputed tract was vested in the railroad at the time of the delivery of the deed.

Appellant Floyd Loomis acquired title to Lot 3 of Section 3, Township 15 North, Range 3, East Boise Meridian (in which the disputed land is located) in 1931. His deed however excepted "6.3 acres heretofore deeded to the O.S.L. Ry. for right-of-way purposes." When Loomis acquired the property, there existed a fence built by the railroad which ran north to south. The record discloses that this fence was not erected to mark a boundary, but was rather built by the railroad to restrain cattle. This fence line constitutes the eastern boundary of the disputed tract. Appellants rely upon the existence of this fence for a part of their enclosure of the disputed parcel of land.

Property in the vicinity of the disputed parcel, including part of the land acquired by appellant in 1931, but excepting Oregon Short Line Railroad Company's land used for right of way purposes, was condemned in 1944 by the United States government for the Cascade Reservoir. A final order of condemnation was entered in the U. S. District Court, District of Idaho, on January 14, 1944, condemning in part:

"(b) A tract of land containing twenty-one and 60/100 (21.60) acres, more or less, being the north half (N ½) of Lot three (3) of Section three (3), Township fifteen (15) North, Range three (3) East, Boise Meridian, Valley County, Idaho, *excepting therefrom the right, title, and interest of the Oregon Short Line Railroad Company and the Union Pacific Railroad Company in and to existing right of way for railroad;*" . . . (Emphasis added.)

In 1966, appellants procured a return to them (by virtue of a quitclaim deed) of a portion of the land taken by the United States through condemnation. The quitclaim deed transferred a portion of Lot 3, reserving "presently used rights of way for . . . railroads . . . created in favor of the public or public utilities." Thereafter, the senior Loomises platted land owned by them known as Mountain Shadows Subdivision, which consisted of twenty-one waterfront lots. The plat was duly filed with the Valley County recorder and recorded. Two of the subdivision lots are partly within the disputed parcel of land. By gift deed, the senior Loomises conveyed one of the subdivision lots to the junior Loomises. The other subdivision lot still stands of record in the senior Loomis' name.

---

1. Defendant-respondent Union Pacific Railroad Company is the lessee of Oregon Short Line Railroad Company.

In 1970, Union Pacific Railroad Company built a fence on the west line in the north half of Lot 3 as described in the 1913 deed. Subsequent to the construction of this fence, and within a year thereafter, appellants brought suit in the United States District Court to quiet title. The suit brought in federal court was later dismissed without prejudice.

In 1973, appellants brought this action in the district court for Valley County alleging three causes of action. The first was for unlawful entry and forcible detainer of the disputed land, alleged malice, and demanded three times the amount of appellants' actual damages as fixed by a jury. The second pleaded a common law action in ejectment, asked for actual damages, and also demanded a trial by jury. The third action was a proceeding to quiet title. The district court acting pursuant to motions to dismiss tendered by respondents dismissed the first cause of action, but refused to dismiss the second cause of action. It ruled that the second cause of action would be tried by the court sitting without a jury.

Appellants' theory at trial was that they had acquired title to the disputed parcel through the actual, open, notorious and hostile possession of the disputed property by the senior Loomises between 1931 and 1944. Thereafter, they argued that the United States condemned their interest in the tract acquired through adverse possession, but that in 1966, ownership of the disputed property was returned to them via a quit claim deed.

The trial court after a lengthy analysis of the essential elements required to establish adverse possession, rejected appellants' claim. It found that appellants had failed to carry their burden of proving they had been assessed or paid taxes on the disputed property during the period of their alleged occupation. Accordingly, the trial court found in favor of the respondents, and entered judgment, whereupon it ruled that: Oregon Short Line Railroad Company was at all times herein and is now the owner in fee simple, in possession and entitled to the possession of the tract of 1.081 acres at issue, and that the adverse claims of appellants were invalid and groundless. The court also denied the requests of respondents for a reformation of the quitclaim deed and of the subdivision plat of Mountain Shadows Subdivision filed with Valley County. It is from this judgment that appellants have brought this appeal. We affirm.

In their first assignment of error, appellants contend that the trial court erred in concluding that the requirements set forth in I.C. § 5–210 [2] for the acquisition of title by adverse possession were not satisfied in this case, because they did not pay the taxes on the land during the period of their purported use and occupancy. Citing both *Scott v. Gubler*,[3] and *Standall v. Teater*,[4] appellants maintain that in paying taxes on land which they owned, contiguous to and enclosing the disputed parcel of land, they were in effect paying taxes on the 1.081 acres of land which is the subject of this controversy.

2. I.C. § 5–210 provides:

"5–210. *Oral claim—Possession defined—Payment of taxes.*—For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial inclosure.

2. Where it has been usually cultivated or improved.

Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

3. 95 Idaho 441, 511 P.2d 258 (1973).

4. 96 Idaho 152, 525 P.2d 347 (1974).

We find it unnecessary to pass upon this contention. Assuming arguendo appellants are correct in their assertion, they still cannot prevail on their adverse possession claim. Appellants have failed to demonstrate that they substantially enclosed the disputed parcel of land. This is one of the requirements set forth under I.C. § 5-210 before an adverse possession claim can be perfected. As this Court noted most recently in *Standall v. Teater*:[5]

"I.C. § 5-210 requires that to constitute an adverse possession, *the person claiming it* must have protected it by a substantial enclosure." (Emphasis added)[6]

One asserting an adverse possession claim must prove each and every element by clear and satisfactory evidence.[7] The record is devoid of evidence that appellants constructed or maintained an enclosure to indicate the extent of their claim. On the contrary, the record discloses that one side of the enclosure which existed was built by *respondent*, Oregon Short Line Railroad Company, and maintained by it. The trial court found the existence of a substantial enclosure by virtue of the fence respondent railroad company erected in 1913. It concluded that this satisfied the enclosure requirement. This was an incorrect interpretation of the enclosure requirement and therefore an improper conclusion. Appellants' failure to protect the disputed parcel by a substantial enclosure must be held to defeat their adverse possession claim, and obviates a discussion of the merits of their payment of taxes argument.

In their second assignment of error, appellants contend that the trial court erred in dismissing the first cause of action pleaded in their complaint. The basis for the trial court's action was threefold: First, the court reasoned that the fence which was built in 1970, and which appellants relied upon as constituting the unlawful entry required under the forcible detainer statute, had been in place for more than one year prior to the commencement of the present action. Therefore, the court ruled that this constituted a bar to the action pursuant to I.C. § 6-314.[8] Secondly, the court ruled that appellants could not join in one action (as they had done) a claim for forcible detainer, with claims for ejectment and quiet title. Thirdly, the court ruled that pursuant to I.C. § 1-2208[9] and Fourth Judicial District Local Rule 3.-4(a),[10] original jurisdiction to try forcible

5. Supra note 4.

6. Id. at 351, 525 P.2d at 351. *See also Lisher v. Krasselt*, 94 Idaho 513, 492 P.2d 52 (1972); *Hyde v. Lawson*, 94 Idaho 886, 499 P.2d 1242 (1972); *Smylie v. Pearsall*, 93 Idaho 188, 457 P.2d 427 (1969); *White v. Boydstun*, 91 Idaho 615, 428 P.2d 747 (1967); *Eagan v. Colwell*, 86 Idaho 525, 388 P.2d 999 (1964).

7. *Swanson v. State*, 83 Idaho 126, 358 P.2d 387 (1960).

8. I.C. § 6-314. *"Sufficiency of evidence—Defenses.*—On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer. The defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined; and such showing is a bar to the proceedings."

9. I.C. § 1-2208 provides in pertinent part: *"1-2208. Assignment of cases to magistrates.*—Subject to rules promulgated by the Supreme Court, the administrative judge in each judicial district or any district judge in the district designated by him may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances the following matters:
 (1) Civil proceedings as follows:
 (b) Proceedings in forcible entry, forcible detainer, and unlawful detainer; . ."

10. "Rule 3. *Jurisdiction and Assignment of Cases-Magistrates.*—The Magistrates in the respective counties in this district shall have jurisdiction to handle cases and proceedings as provided in this rule.

detainer actions was with the Magistrates Division of the District Court. Appellants attack all three rulings, contending first, that the requirements of quiet possession for one year coupled with an interest in the property that had not been "ended or determined" as set forth in I.C. § 6–314 were never established; secondly, that dismissing for misjoinder was contrary to I. R.C.P. 18(a)[11] which encourages joinder; and thirdly, that I.R.C.P. 8(a)[12] gave the district court jurisdiction to try the cause sounding in forcible detainer.

 Contrary to appellants' assertions, the record discloses that respondent had been in quiet possession of the disputed property for well over one year, and in fact closer to three years prior to the commencement of this proceeding. Nor can we say that in bringing an action in federal district court to quiet title prior to the commencement of the present action, respondents' interests in the disputed parcel had been "ended or determined." The federal court action was dismissed without prejudice. Therefore no adjudication of the contesting parties' rights to the disputed tract was ever made.

We conclude that the trial court was correct in dismissing appellants' first cause of action because respondents had satisfied the necessary elements set forth in I.C. § 6–314 to constitute a defense to an action for forcible detainer. We therefore find it unnecessary to review the alternative grounds set forth by the trial court supporting the granting of respondents' motion to dismiss appellants' first cause of action.

In their third and final assignment of error, appellants contend that the trial court erred in ordering the second cause of action in ejectment be tried without a jury, despite their request for a jury trial. We find no merit to this argument.

We believe the case of *Anderson v. Whipple*,[13] is controlling on this issue. In that case, plaintiff filed a complaint alleging in part:

" . . . that the defendants are in possession of said premises and have been unlawfully withholding the possession from the plaintiff since the 1st day of January, 1946; that the value of the rents and profits of the land is $800.00 per year; that she has been deprived of the rents and profits and further damaged by the withholding of possession in the sum of $500.00; that defendants claim an interest in the property adverse to the plaintiff, which is without right; and that the defendants have not any estate, right, title. or interest whatever in said lands. Plaintiff prays that defendants be required to set forth the nature of their claim; that all adverse claims be determined; that it be adjudged that the plaintiff is the owner and entitled to the

---

3.4(a) *Valley County Lawyer Magistrate.* (a) All cases and proceedings specified in Section 1–2208, Idaho Code; Chapter 3, Title 66, Idaho Code; and Uniform District Court Rule 25."

11. As then applicable Rule 18(a) read: "Rule 18(a), *Joinder of claims and remedies —Joinder of claims.*—The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of rules 19, 20 and 22 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of rules 13 and 14 respectively are satisfied."

12. As then applicable Rule 8(a) read: "Rule 8(a). *General rules of pleading— Claims for relief.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) if the court be of limited jurisdiction, a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

13. 71 Idaho 112, 227 P.2d 351 (1951).

possession of the premises; that the defendants have no estate nor interest therein; that they be barred from asserting any claim; for restitution of the premises; for the reasonable rental value from January 1, 1946; for $500.00 damages; . . ."[14]

The defendants admitted that they held possession but argued that they were in possession pursuant to an agreement with plaintiff. Defendants filed a motion for a jury trial, on the grounds that the pleadings showed upon their face that an action at law and not a suit in equity was before the court. The motion was granted.

■ On appeal, plaintiff assigned as error the trial court's granting of a jury trial. The Court, after a careful analysis of the applicable constitutional and statutory provisions, reversed, ruling that,

"This question (of whether this was an action for possession under I.C. § 10–105 or an action to quiet title under I.C. § 6–401) must be determined from a consideration of all of the pleadings in the case, and of the ultimate and entire relief sought."

The Court further remarked:

"Here the plaintiff has pleaded her cause in equity to quiet title. As to her good faith, it appears from the record that a dispute, dating back to 1937, has existed between these parties as to whether or not the contract alleged in defendants' answer was in fact made. As shown by the answer, defendants' claim adversely affects plaintiff's title. One action between them was dismissed inconclusively before this action was commenced. *It therefore appears that plaintiff is seeking not alone to oust defendants, but to quiet her title against their adverse claims. Further, the defendants' answer contains allegations which in effect tend to establish a right*

*in them to the relief of specific performance of an oral contract for a lease of the property for the life of the lessor, and title thereto in fee upon her death. It is true that the defendants do not pray for affirmative relief to that effect and that their pleading is in form defensive only. However, the effect is the same. They appeal to equity to defeat the plaintiff.* We adhere to the rule that 'Equity having obtained jurisdiction of subject matter of a dispute, will retain it for the settlement of all controversy between the parties with respect thereto'"[15] (Emphasis added).

In this case, appellants sought not alone to oust respondents, but to quiet title against any claim respondents might have as to the disputed parcel of land. In essence, following the dismissal of appellants' claim relating to forcible entry and detainer, the trial was held to resolve the paramount issue of who held title to the disputed tract of land. In suits to quiet title to real property, no right to trial by jury exists.[16] Furthermore, in respondents' answer to the complaint, they sought equitable relief to defeat appellants' claim to the disputed parcel. Respondents sought reformation of the quit claim deed issued to appellants in 1966 and of the Mountain Shadows Subdivision plat filed with Valley County, to the extent land described in those instruments impinged upon any real property owned by them. The action before the trial court was equitable in nature and appellants were not entitled to a jury trial.

Costs to respondents.

Judgment *affirmed*.

DONALDSON and BAKES, JJ., and SCOGGIN, D. J. (retired), concur.

SHEPARD, Justice (dissenting).

The trial court in this case found the existence of a substantial enclosure of the

---

14. *Id.* at 117, 227 P.2d at 353–54.

15. *Id.* at 122, 227 P.2d at 357.

16. Id. at 121, 227 P.2d at 356. *See* also *Shields v. Johnson*, 10 Idaho 476, 79 P. 391 (1904); *Fairview Investment Co. v. Lamberson*, 25 Idaho 72, 136 P. 606 (1913); *Howard v. Bar Bell Land & Cattle Co.*, 81 Idaho 189, 340 P.2d 103 (1959).

property in issue and concluded that this satisfied the enclosure requirement of I.C. § 5–210. The majority on appeal finds error in that conclusion. The trial court found against the plaintiffs in their assertion of adverse possession by its conclusion that the claimants had failed to prove their payment of taxes thereon. The majority does not discuss nor dispose of that finding and conclusion by the trial court nor appellants' assertion that *Scott v. Gubler, supra,* and *Standall v. Teater, supra,* support appellants' position. In effect then the majority affirms the judgment of the trial court on the basis that the trial court reached the correct result but for the wrong reason.

Conversely, I would reverse the judgment of the trial court and hold that the trial court was correct in its finding and conclusion regarding the substantial enclosure requirement of the statute but erred in its finding and conclusion regarding the tax payment requirement of the statute.

In 1913, the railroad fenced its right-of-way and thereby excluded therefrom the 1.08 acres here in dispute. Using that fence erected by the railroad, the appellants enclosed that 1.08 acres with their remaining and abutting lands. There is no question but that the 1.08 acres along with the remainder of appellants' lands was protected by a substantial enclosure (fence) and that appellants thereafter and continuously for 57 years occupied, used and improved that land. Following condemnation of the property by the United States in 1941, they remained on the property as tenants of the government and at a later time secured a return deed. The condemnation order excluded the then "existing right-of-way for railroad." Since the railroad had fenced out the 1.08 acres from its right-of-way, I would hold that the 1.08 acre parcel was not part of its then *"existing* right-of-way for railroad" exempted from condemnation.. At the time of the return deed the disputed tract was still fenced out of the railroad right-of-way and therefore I would hold that it was *not* reserved to

the railroad as *"presently* used right-of-way." They platted, subdivided and sold part of the tract disputed herein. It was not until 1970 when the creation of Cascade reservoir made the disputed property a lakeside lot and thereby greatly enhanced its value that the railroad asserted a claim to the property and erected a fence along what it claimed to be its western property line. Appellants promptly brought suit in U.S. District Court to resolve the dispute created by the 1970 erection of the fence and when said suit was later dismissed without prejudice, appellants promptly brought the instant action in state court.

I point out that I.C. § 5–210 provides "for the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following case only: 1. Where it has been protected by a substantial enclosure. 2. Where it has been usually cultivated or improved. * * * [the additional requirement that claimants have paid the taxes]." Here there is no question but appellants cultivated, improved, occupied, used and farmed the disputed property for the requisite time. There is likewise no question but that the property was protected by a substantial enclosure. In my opinion the majority then expands the requirements gained from a literal meaning of the statute by adding the requirement that the subtantial enclosure be erected by the adverse claimant. The majority opinion does not discuss any policy reason nor rationale for broadening the statutory requirements. I see no policy to be served nor any rationale for such a decision. On the contrary, it would appear that the only way in which claimants herein could have satisfied the newly created requirement was to erect their own fence which would serve no purpose since it would necessarily have to duplicate and parallel a then existing fence.

I would find error in the finding and conclusion of the trial court that appellants had failed to satisfy the taxpaying require-

**348**

ment of the statute. This Court has for many years and most recently in *Scott v. Gubler, supra,* and *Standall v. Teater, supra,* enunciated a liberal view with respect to the tax requirements for adverse possession in cases involving boundary disputes between contiguous landowners. See *White v. Boydstun,* 91 Idaho 615, 428 P.2d 747 (1967); *Beneficial Life v. Wakamatsu,* 75 Idaho 232, 270 P.2d 830 (1954); *Calkins v. Kousouros,* 72 Idaho 150, 237 P.2d 1053 (1951); *Bayhouse v. Uriquides,* 17 Idaho 286, 105 P.2d 1066 (1909). I do not perceive any evidence in the record that the railroad paid taxes on the disputed tract of land during the time it was occupied, utilized and improved by appellants. Railroad companies, as public utilities, pay their taxes in an entirely different fashion than do ordinary landowners. See I.C. §§ 63–704, 63–705, 63–707, 63–711. Railroads are taxed on their gross assets divided by miles of railroad track and here the Valley County assessor taxed the railroad on the basis of dollar value per mile of track in Valley County. There is no indication that any particular real property was taxed to the railroad or that the railroad paid any amount of taxes on any particular piece of real property. On the other hand, I believe the cases here and before cited and particularly *White v. Boydstun, supra,* point out that continuous adverse possession will extend a true boundary line beyond the occupier's expressed deed limits, so that payment of taxes assessed on the deeded property is deemed payment of taxes on the lands in the claimants' possession.

I must further disagree with the majority wherein it affirms the trial court's dismissal of appellants' first cause of action under the forcible detainer statute. I.C. § 6–314 dealing with forcible entry provides "the defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined; and such showing is a bar to the *proceedings.*" (Emphasis supplied.) The majority states that the record discloses the respondent had been in quiet possession of the disputed property for well over a year, and in fact closer to three years prior to the commencement of this proceeding. I cannot agree that the record so demonstrates when during all that period of time the appellants here were vigorously litigating in federal or state court the ownership of the disputed tract and seeking to oust the railroad from that land. See *New Zion Baptist Church v. Strain,* 39 So.2d 185 (La.1949).

I would reverse and remand.