624 P.2d 413

**Richard L. OWEN and Mary Louise Owen, Plaintiffs-Appellants,**

v.

**Neal BOYDSTUN, and Pearl N. Boydstun, husband and wife, Willard R. Boydstun and Irene Boydstun, husband and wife, and P. T. Hayes, Defendants-Respondents.**

No. 13101.

Supreme Court of Idaho.

March 3, 1981.

James L. Schoenhut of Schoenhut & Nicholas, P. A., McCall, Charles F. McDevitt of Givens, McDevitt, Pursley & Webb, Boise, for plaintiffs-appellants.

Paris Martin, Boise, for defendants-respondents.

DONALDSON, Justice.

Plaintiffs-appellants seek to quiet title to a strip of recreational property fronting on Payette Lake in Valley County, McCall, Idaho. The disputed property abuts appellants' deeded property and lies between appellants' deeded property and the high water line of Payette Lake. Appellants claim title to the disputed property by adverse possession. Defendants-respondents are the record title holders of the disputed property.

Appellants used their deeded property for summer vacations and week-end trips. In conjunction with such use, appellants used the disputed property to gain access to the lake and the beach and to a dock which they had constructed in the lake. This dock was found by the trial court, after a view of the premises at the conclusion of the trial, to be situated outside the disputed area and not a factor in the adverse possession. The appellants cleared brush from the disputed area. They removed rocks from and hauled sand onto the beach area. They also constructed a rail fence in the vicinity of the south boundary of their deeded property which extended into the disputed property to within 12 feet of the high water line of the lake. Appellants also built a simple firepit on the disputed property by surrounding a small area with loose rocks. Except for the aforementioned, the disputed property remained essentially in its wild state.

The central issue before the district court, as set out in its memorandum opinion, was whether the appellants' use of the disputed property constituted compliance with the statutory requirements of I.C. §§ 5–209 and 5–210 to support a claim of adverse possession. These sections provide:

"5–209. Possession under oral claim of title.—Where it appears that there has been an actual continued occupation of land, under a claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, is deemed to have been held adversely.

"5–210. Oral claim—Possession defined—Payment of taxes.—For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial inclosure.

2. Where it has been usually cultivated or improved.

Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five (5) years continuously, and the party or persons their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

Following the trial without a jury, the court in a memorandum opinion held that the disputed property had been used by the appellants beyond the statutorily required five-year period and such use was adverse. The court also held that no issue existed as to payment of taxes as no taxes had ever been levied or assessed against the disputed property and, therefore, no payment of taxes had to be shown.

The court noted, however, that there was dispute over whether there had been "improvements" or "inclosure" sufficient to meet the remaining pertinent statutory requirements. In resolving this dispute, the court, after a survey of Idaho case law, concluded that I.C. § 5–210 was written in the disjunctive, and it would be "sufficient to show either a substantial inclosure, improvement or cultivation." Applying that conclusion, the court then found that the appellants had failed to meet their burden of proving that the disputed property was protected by a substantial inclosure within the intent and meaning of the statutory requirement. The court was of the opinion

that to the south, the rail fence, failing to reach the lake, was insufficient; to the north, the natural growth of trees and bushes was likewise lacking; and generally, nowhere was there "construction" sufficient to meet the inclosure requirement.

The court found also that as for the requirement of improvements, none except for the rail fence, served in any sense to delineate the extent and boundaries of the claimed adverse occupancy. The rail fence by itself being insufficient, the court concluded the appellants had failed to meet their burden of proving that the disputed property had been "usually improved."

The district court in light of the foregoing, held that appellants had failed to prove the necessary elements of adverse possession and directed that judgment be entered against them. This appeal followed.

■ The first issue we deal with is whether the district court properly interpreted and applied I.C. § 5–210. We agree with the court's conclusion that requirements of inclosure and improvement as found in this section are written in the disjunctive. This Court has recently held just this, overruling past authority to the contrary. *Nesbitt v. Wolfkiel*, 100 Idaho 396, 399 n. 2, 598, P.2d 1046, 1049 n. 2 (1979) (overruling *Hyde v. Lawson*, 94 Idaho 886, 499 P.2d 1242 (1972) to the extent it is inconsistent).

■ Applying § 5–210, the district court determined that neither the improvements made nor the artificial or natural boundaries surrounding the disputed property, served to sufficiently delineate the area adversely occupied to meet the statutory requirements. This Court, recognizes that the exact character of the improvement or the inclosure may vary from case to case, *Smylie v. Pearsall*, 93 Idaho 188, 193, 457 P.2d 427, 432 (1969); *Trask v. Success Mining Co.*, 28 Idaho 483, 490–91, 155 P. 288, 290 (1916). However, in the instant case, we cannot conclude otherwise than that given the particular facts presented to it,

the district court properly found that appellants failed to satisfy the requirement of either improvement or inclosure. The court had the special opportunity to view the disputed property. Substantial and competent evidence appears in the record supporting the finding. The finding does not appear to be clearly erroneous. Accordingly, such finding will not be disturbed by this Court on appeal. I.R.C.P. 52(a). We affirm the district court's conclusion that appellants failed to meet their burden of proving by clear and satisfactory evidence that the disputed property was protected by substantial inclosure or that there was usual improvement sufficient for adverse possession under § 5–210. *See Loomis v. Union Pacific Railroad Co.*, 97 Idaho 341, 544 P.2d 299 (1975).

■ The next issue is whether respondent Neal Boydstun's actions regarding the property in question while he was tax assessor for Valley County bars him from claiming the property. Initially, as was concluded by the district court, we find that the matter of taxes generally is not an issue in this case. The record establishes that no taxes had been levied or assessed against the property. Thus, payment of taxes as one of the prerequisites to adverse possession under I.C. § 5–210 need not be shown and is not an issue. *See Stickel v. Carter*, 63 Idaho 78, 117 P.2d 477 (1941). Moreover, any allegation of improper action on the part of the respondents as regards the property and its taxes is irrelevant to this quiet title action. It is well settled under Idaho case law that the party seeking to quiet title against another must succeed on the strength of his own title, and not on the weakness of that of his adversary. *Pincock v. Pocatello Gold & Copper Mining Co.*, 100 Idaho 325, 331, 597 P.2d 211, 217 (1979); *Nelson v. Enders*, 82 Idaho 285, 353 P.2d 401 (1960); *Stickel v. Carter, supra.*

■ The appellants also raise, in their reply brief, the issue of whether the trial court's view of the disputed property was so

prejudicial as to be disregarded on this appeal. The record discloses that counsel accompanied the trial judge upon the view and no objection was raised at that time. We find that appellants, by failing to timely object at the time of the view, in fact raising no objection prior to filing of the appellate reply brief, may not call the view into question on appeal. A timely objection would have given the trial court the opportunity to correct error, if any, in the viewing. *Bradford v. Simpson*, 97 Idaho 188, 541 P.2d 612 (1975).

Finally, appellants allege that the trial court erred in failing to consider and make findings upon the issue of whether there was adverse possession of the disputed property pursuant to I.C. §§ 5–207 and 5–208 which provide for a claim founded upon a written claim of title.[1] In looking to the court's memorandum decision, which served as findings of fact and conclusions of law, we find that the issue in the case was expressly limited to adverse possession under I.C. §§ 5–209 and 5–210, or a claim not founded upon a written instrument. The court made no findings as regards the application of §§ 5–207 and 5–208.

The record reflects that the issue of adverse possession via a claim under a written instrument was before the trial court. In fact, respondents made a motion, which mo-

tion was subsequently denied by the court, for nonsuit at the close of appellants' presentation of evidence, I.R.C.P. 41(b), expressly contending that the requirements of § 5–207 had not been met. Record, vol. 1, p. 86. The court failed, however, following the completed trial, to make specific findings as regards this issue.

■ I.R.C.P. 52(a) clearly establishes that a court sitting without a jury has the responsibility of making findings of fact and conclusions of law on the issues before it. Issues presented to the trial court for resolution must be resolved. *Morris v. Frandsen*, 621 P.2d 394 (Idaho 1980); *Stecklein v. Montgomery*, 98 Idaho 671, 570 P.2d 1359 (1977); *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 531 P.2d 584 (1975); I.R.C.P. 52(a); 5 Moore's Federal Practice ¶ 52.10 (2d ed. 1980).

■ The record does not reflect that following the trial court's failure to make findings upon the issue of adverse possession under I.C. §§ 5–207 and 5–208, that the appellant objected to the failure or made any motion to request a specific finding or to amend the findings as made. I.R.C.P. 52(b); I.A.R. 13(b). However, it is the rule in Idaho that neither an objection to findings nor a request or motion for findings is a prerequisite to appellate review and such

---

1. These statutes are as follows:
   "5–207. Possession under written claim of title.—When it appears that the occupant, or those under whom he claims, entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the property included in such instrument, decree or judgment, or of some part of the property under such claim, for five (5) years, the property so included is deemed to have been held adversely except that when it consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract.
   "5–208. Claim under written instrument—Possession defined.—For the purpose of constituting an adverse possession by a

person claiming a title founded upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:
   1. Where it has been usually cultivated or improved.
   2. Where it has been protected by a substantial inclosure.
   3. Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber for the purposes of husbandry, or for pasturage, or for the ordinary use of the occupant.
   4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

failure to bring the matter to the attention of the trial court does not waive the right to bring it up on appeal. *Stecklein v. Montgomery, supra*; I.R.C.P. 52(a); 5 Moore's Federal Practice ¶¶ 52.10 and 52.11[4] (2d ed. 1980). *E. g., Morris v. Frandsen, supra. Cf. Stecklein v. Montgomery, supra* (Bistline, J., specially concurring) (general discussion of effect of I.R.C.P. 52(a)).

■■■ There is dicta present in the case of *Sorenson v. Adams*, 98 Idaho 708, 712, 571 P.2d 769, 773 (1977) which indicates that a party must ask the trial court to make findings as a condition precedent to bringing the case to this Court.[2] We hold that more completely stated, findings on issues before a trial court must necessarily be made by the court pursuant to Rule 52(a) before this Court may perform its appellate function of "ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Morris v. Frandsen, supra* at 396. The failure of a party to request findings does not waive his right to question on appeal whether the trial court erred in failing to make those findings. The failure to request findings simply forestalls review by this Court until the appropriate findings have been made. However, this Court is not a fact-finding court. On appeal pursuant to an allegation of error, if it appears that an issue was before the lower court but that court failed to make the mandatory findings thereon as required by Rule 52(a), the case normally will be remanded with directions that the appropriate findings be made. Rule 52(a) does not mean that failure to request findings is an absolute impediment to appeal; the purpose

of the rule "is to assist the appellate court by affording it a clear understanding of the basis of the lower court decision." *Morris v. Frandsen, supra* at 396. To the extent *Sorenson v. Adams* is not in accord with our holding today, it is overruled.

■■■ We find that the district court failed to fully address appellants' claim of adverse possession. There were no findings entered upon the issue of possession under a written instrument as defined in I.C. § 5–208. We note that while the definition of possession under a written claim and that under an oral claim are statutorily similar as regards the requirements of improvement or inclosure, § 5–208(3) additionally provides a pertinent alternative to inclosure, namely, "the ordinary use of the occupant." No specific findings were made as to whether the disputed property had been possessed as defined by either § 5–208(1), (2) or (3) and, if so, whether § 5–208(4) would then apply whereby possession of part of a lot might conceivably entitle one to possession of the whole if all the requirements of (4) have been met. Remand, therefore, is necessary.

Accordingly, we affirm the district court's judgment that appellants failed to prove the necessary elements of adverse possession as required by I.C. §§ 5–209 and 5–210. However, we reverse the remainder of the court's judgment and remand with the direction to the court that it augment accordingly its memorandum opinion and judgment to specifically make findings as to whether the necessary elements of adverse possession as required by I.C. §§ 5–207 and 5–208 have been proved. The court, in its discretion, may enter such find-

---

2. Although *Sorenson* was an appeal from an involuntary dismissal, I.R.C.P. 41(b), and the instant case is an appeal from a judgment entered after a complete trial, the following quotation from *Sorenson* contains dicta which might confuse the meaning of I.R.C.P. 52(a) regardless of the nature of the case:

"A final judgment entered at the conclusion of a plaintiff's case on a 41(b) motion is a determination on the merits, and requires findings of fact and conclusions of law, every

bit as much as when the final judgment is entered after *both* sides have made their presentations. I.R.C.P. 52(a). Defendants who have made successful 41(b) motions should complete the record by reminding the trial court that findings are required. Plaintiffs must ask the trial court to comply with Rule 52(a) as a condition precedent to bringing the case here." 98 Idaho at 712, 571 P.2d at 773. (Emphasis in original).

ings based upon the existing record or it may allow the parties the opportunity to present such additional testimony as may be pertinent.

We note, as was also noted in *Stecklein v. Montgomery, supra* (Bistline, J., especially concurring) and in *Morris v. Frandsen, supra*, that had the rules of civil procedure been utilized, specifically Rule 52(a) and Rule 52(b), this particular issue on appeal might have been avoided. We urge both bench and bar to make sure that appropri-ate findings are entered as regards all issues before the trial court.

No costs or attorney fees allowed to either appellants or respondents.

BAKES, C. J., and McFADDEN, BIST-LINE and SHEPARD, JJ., concur.