655 P.2d 942

Edward J. GAGE and Betty L. Gage, husband and wife, Plaintiffs-Appellants, Cross-Respondents,

v.

David Elton DAVIS and Jane Doe Davis, husband and wife; Leonard Hedrick and Carolyn Hedrick, husband and wife, and the unknown heirs, devisees, representatives, transferees, assigns and encumbrancers of either or both of them be dead; and Manuel S. Rodriquez and Doris M. Rodriquez, husband and wife; the Unknown Assigns of and Claimants under the above named parties or any of them; and the Unknown Owners and Claimants in and to the property described as: That part of the Northwest Quarter of the Northwest Quarter (NW¼ NW¼) of Section Fifteen (15), Township Fifty-six (56) North, Range Two (2) West, B.M., lying West of U.S. Highway # 95 (as it existed April 20, 1961), LESS the North 557 feet thereof, and LESS the South 284 feet thereof, and LESS that portion of the Northwest Quarter of the Northwest Quarter (NW¼ NW¼) of said Section Fifteen (15) described as follows: Commencing at an existing iron pipe, said pipe being on the westerly right of way of U.S. Highway No. 95, and 557.00 feet South of the North line of said Section Fifteen (15), said pipe being the true point of beginning, thence South 33 degrees 07' West along said right of way a distance of 452.20 feet, thence North 65 degrees West 88.65 feet; thence North 33 degrees 07' East 407.45 feet to a point 557.00 feet South of the North line of said Section Fifteen (15), thence easterly along a line 557.00 feet south and parallel with said North line of Section Fifteen (15), a distance of 104.82 feet to the true point of beginning, containing 0.867 acres, more or less; RESERVING unto grantors, their heirs, assigns and personal representatives an easement for ingress and egress to other properties belonging to grantors along and over the southerly 10 feet of the above described tract; giving and granting unto grantees their heirs, assigns and personal representatives a perpetual easement for ingress and egress over, and across grantors' property described as follows: Commencing at the southwest corner of the above tract, thence South 33 degrees 07' West 10 feet, thence North 65 degrees West 88.65 feet,

thence North 33 degrees 07′ East 10 feet, thence South 65 degrees East 88.65 feet to the point of beginning, Defendants-Respondents, Cross-Appellants.

No. 13752.

Court of Appeals of Idaho.

Dec. 21, 1982.

Peter B. Wilson (Wilson & Walter), Bonners Ferry, for plaintiffs-appellants, cross-respondents.

Thomas A. Mitchell, Coeur d'Alene, for defendants-respondents, cross-appellants.

BURNETT, Judge.

This is a quiet title action brought by claimants who assert adverse possession under color of title. The district court held that the claimants had established compliance with each statutory requirement for adverse possession except payment of all taxes on the subject property. A decree was entered quieting title in the record owners of the property.

On appeal we are asked to decide two issues: First, does the record support the trial court's determination that the claimants satisfied the occupation and possession requirements for adverse possession? Second, is the tax payment requirement deemed satisfied if both the adverse claimants and the record owners pay taxes assessed against the property? We answer each question in the affirmative. Accordingly, we reverse the decree of the district court and direct that a decree be entered quieting title in the adverse claimants.

This lawsuit focuses upon property adjacent to U.S. Highway No. 95 in Bonner

County. From certain findings of the trial court, which have not been challenged on appeal, the pertinent transactions affecting this property can be summarized. In 1942, the original owner sold part of the property to purchasers named Hedrick. In 1953, the Hedricks sold to parties named Rodriquez a portion of what they had bought from the original owner. The parcel sold by Hedrick to Rodriquez then changed hands several times, under a property description which differed from the description contained in the Hedrick-Rodriquez deed. The last link in this chain was created in 1971, when Edward and Betty Gage acquired the parcel from sellers named Hughes.

As fate would have it, the land description used when this parcel was transferred along the purported chain of title from Rodriquez to Gage contained a strip of ground, 108.7 feet wide, which had not been included in the earlier deed from Hedrick to Rodriquez. The seeds of controversy were sown in 1977, when an administrator of the Hedrick estate sold this strip to David Davis and his wife. A year later, the Gages filed this lawsuit as adverse claimants against the Davises, seeking to quiet title to the disputed strip. The district court decided in favor of the Davises as the record owners.

On appeal, the Gages contend that the tax payment requirement, for their claim of adverse possession, was satisfied. The Da-

vises resist this contention and they assert, by way of cross-appeal, that the occupation and possession requirements were not met. Despite the cross-appeal it appears that the Davises actually seek affirmance of the district court's decree in their favor.[1]

■ Where, as here, adverse claimants have taken possession of land in reliance upon a deed, their claim is one made upon written instrument, within the meaning of I.C. §§ 5–207 and 5–208. *Compare, e.g., Pincock v. Pocatello Gold & Copper Mining Co.,* 100 Idaho 325, 597 P.2d 211 (1979). Section 5–207 requires "continued occupation and possession" of the ground for five years to perfect such a claim. Section 5–208 provides that "land is deemed to have been [so] possessed and occupied" where, as pertains to this case, it has been "improved" *or* put to the "ordinary use of the occupant."[2] Moreover, I.C. § 5–210, although codified under the narrow heading "Oral claim—Possession defined—Payment of taxes," broadly provides:

[I]n no case shall adverse possession be considered established under the provisions of any sections of this code unless . . . [the adverse claimants or their predecessors have, during the period of continuous possession] paid all the taxes . . . which have been levied and assessed upon such land according to law.

■ We review first the district court's determination that the "continued occupa-

---

1. Within the framework of the cross-appeal, the Davises also challenge a ruling by the district judge, refusing to admit in evidence a deed from the Hedrick estate to Davis. However, in view of our decision on the merits of the Gages' adverse possession claim, it is not necessary to address the propriety of that ruling.

2. Our disjunctive statement of the criteria set forth in § 5–208 is drawn from the interpretation given to similar criteria in § 5–210, relating to oral claims of title. *See Nesbitt v. Wolf-kiel,* 100 Idaho 396, 598 P.2d 1046 (1979), *overruling* (in part) *Hyde v. Lawson,* 94 Idaho 886, 499 P.2d 1242 (1972). In any event, as discussed *infra,* the trial court in this case held that both improvement of the land and ordinary use by the occupant, under § 5–208, had been established. The full text of § 5–208 reads as follows:

For the purpose of constituting an adverse possession by a person claiming a title found-

ed upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:
1. Where it has been usually cultivated or improved.
2. Where it has been protected by a substantial inclosure.
3. Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber for the purposes of husbandry, or for pasturage, or for the ordinary use of the occupant.
4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated.

tion and possession" requirements of § 5–207, as elaborated in § 5–208, were satisfied. These requirements, like all elements of adverse possession, must be established by clear and satisfactory evidence. *Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981). However, the standard of appellate review is the same as that which applies in civil cases generally; the district court's findings will not be disturbed unless clearly erroneous. *Id. See also* I.R.C.P. 52(a).

■ The district court found that the adverse claimants had built a garage and placed a mobile home on the property, and that their predecessor had rented trailer spaces on the land, over a continuous period exceeding five years. The record further discloses that the claimants built a shop and that the predecessor poured gravel on the property in the trailer parking area. The claimants' possession and improvement of the property extended over a period of approximately four years, nine months. Their predecessor occupied or used the property for seven years. It is not clear precisely when the predecessor improved the trailer parking area; but it is uncontroverted that the improvement had been in place for some time when the claimants bought the property. In light of this record, we cannot say that trial court's findings of fact were clearly erroneous. We will not set them aside.

The court concluded from these findings both that the property had been "improved," and that it had been "put to the ordinary use of the occupant," as denoted in § 5–208, over a continuous period of five years. These conclusions are supported by the findings of fact, and they will be sustained.

■ We turn next to the question of tax payments. Preliminarily, we must discuss the method by which the Bonner County Assessor taxed the disputed strip of ground. The assessor assigned tax numbers to each parcel of land in the county and then assessed taxes against each numbered parcel. In this case, due to overlapping property descriptions in the deeds of record, and to errors within the assessor's office, the dis-

puted strip was included in two numbered parcels. A portion of the strip was taxed twice—once to Hedrick (succeeded by Davis) and again to Gage, Hughes and others in the defective chain of title originating with Rodriquez.

The Gages presented evidence—partly documentary and partly testimonial—indicating that they had paid all assessments disclosed in tax notices received by them each year from 1971, when they purchased the ground, through 1978, when their complaint was filed. The Davises introduced evidence that the Hedricks had paid the taxes assessed to them from 1971 through 1974. The trial court held that because the record owners and the adverse claimants both paid property taxes on the same parcel, the adverse claimants could not have paid *all* of the taxes as required by I.C. § 5–210.

During the pendency of this appeal, our Supreme Court decided *Trappett v. Davis,* 102 Idaho 527, 633 P.2d 592 (1981). In that case, as in this one, the adverse claimant and the record owner, both had paid taxes on the disputed parcel, because of an assessor's error. The Supreme Court observed that other state courts were divided on whether the tax payment requirement for adverse possession was satisfied in such circumstances. *See generally* Annot., 132 A.L.R. 216, 238 (1941). The court said that the adverse possession doctrine in Idaho focuses primarily on the conduct and actions of the adverse claimant, and that the doctrine operates in favor of an adverse occupant who takes affirmative steps to protect a potential property interest. The court then held that "when both the record owner and the adverse occupant have paid taxes on the subject parcel during the alleged period of adverse possession, the adverse occupant prevails." 102 Idaho at 534, 633 P.2d at 599.

We are bound by this recent, carefully considered ruling. It appears that by paying the assessments from 1971 through 1978, the Gages satisfied the tax payment

requirement during five continuous years of the adverse possession period. Therefore, we hold that the Gages' adverse possession claim was not defeated by the fact that the Davises' predecessor also paid duplicative taxes.

The decree of the district court is reversed. The cause is remanded with instructions to enter a decree quieting in Edward and Betty Gage title to the property in question. Costs to appellants Gage. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.