804 P.2d 327

Margaret J. PERSYN, Plaintiff–Appellant,

v.

Eugene J. FAVREAU and Ellen M. Favreau, husband and wife, Defendants–Respondents.

No. 18097.

Court of Appeals of Idaho.

Nov. 1, 1990.

Rehearing Denied Dec. 26, 1990.

Petition for Review Denied Feb. 6, 1991.

Cooke, Lamanna, Smith & Cogswell, Priest River, for plaintiff-appellant. Thomas E. Cooke argued.

Philip Henry Robinson, Sandpoint, for defendants-respondents.

SWANSTROM, Judge.

This appeal followed the dismissal of Margaret Persyn's quiet title action by the district court. The court held that the elements of adverse possession had not been proven and concluded that a fence line, which was alleged to be the easterly boundary of Persyn's property, did not establish the true boundary of Persyn's property. We affirm.

Persyn contends that the district court applied the wrong statute, I.C. § 5–210, in analyzing the requirements for adverse possession. Therefore, we must determine whether Persyn's claim of adverse possession properly is under an oral claim or if it is a claim under a written instrument which is governed by I.C. § 5–208.[1] Asserting that I.C. § 5–208 is the applicable statute in this case, Persyn raises three subsidiary questions. First, are the elements of I.C. § 5–208 to be read in the disjunctive so that proof of one element is sufficient to prove possession? Second, has possession by Persyn under I.C. § 5–208 been proven? Third, did the Favreaus have notice of an adverse claim and, therefore have a duty to inquire into the nature of the claim when they purchased the adjoining property? We conclude that the district court's choice of I.C. § 5–210 was correct. Our reasons are as follows.

1. **5–208. Claim under written instrument—Possession defined.**—For the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:

1. Where it has been usually cultivated or improved.

2. Where it has been protected by a substantial inclosure.

3. Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber for the purposes of husbandry, or for pasturage, or for the ordinary use of the occupant.

4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated.

**5–210. Oral Claim—Possession defined—Payment of taxes.**—For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial inclosure.

2. Where it has been usually cultivated or improved.

Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five (5) years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law.

The parties own adjacent parcels of real estate located in Bonner County, Idaho. The Persyn property lies to the west of the Favreau property. For approximately twenty-four years, a fence existed on what Persyn claims is the east boundary of her property. The disputed property, a strip varying in width between five and twenty-two feet on the west side of the fence line, is the subject of Persyn's quiet title action.

The Persyns purchased their property in 1979 from Wilbur and Carolee Merritt, who had acquired the property from Willie Hoop. The adjacent property was owned by Bonner County until 1980, when the County conveyed the property to Connolly, who sold to the Favreaus in 1983. When Persyn's husband attempted to replace some of the fenceposts in 1984, he was told by the Favreaus that he was on their property. Mrs. Persyn—who succeeded to her husband's interest—filed suit shortly after this incident, claiming title to the property up to the fence line.

■ Persyn argued that she took title to the disputed property pursuant to a written instrument, calling I.C. § 5–208 into play. She cites *Gage v. Davis*, 104 Idaho 48, 655 P.2d 942 (Ct.App.1982), in support of her argument. In *Gage*, the adverse claimant's deed contained a description of the disputed strip, as did the deed of the other party who opposed the claim. Unlike *Gage*, here, there is no overlap of the descriptions of the two deeds. Persyn's deed describes a parcel in the *Southwest* Quarter of the Northwest Quarter of section 34. The Favreaus' property is described as being in the *Southeast* Quarter of the Northwest Quarter of section 34. As described in the deeds, the two parcels share a common boundary: a segment of the line between the Southwest Quarter of the Northwest Quarter and the Southeast Quarter of the Northwest Quarter. A recorded survey, over which there is no dispute, establishes the location of this line. Thus, the Favreaus' deed description includes the disputed strip but Persyn's deed description does not. The record reflects only that Persyn was told by her predecessor in title (Merritt) that her property extended east to

the fence. Merritt too had been told, when he acquired the property from Willie Hoop, that he was getting the property up to the fence. Upon these facts the district court concluded that Persyn's claim of title by adverse possession must meet the requirements of I.C. § 5–210. We agree.

A party claiming title by adverse possession may rely upon a written instrument as being "a conveyance of the property in question." I.C. § 5–207; I.C. § 5–208. "[H]owever inadequate [such a conveyance may be] to carry the true title to such property, and however incompetent might have been the power of the grantor in such conveyance to pass a title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title." *Wright v. Mattison,* 59 U.S. (18 How.) 50, 54, 15 L.Ed. 280 (1856). In reviewing the evidence before the court below, there is no assertion that Persyn's deed purports to convey the disputed triangular piece of property. Nevertheless, Persyn's counsel contends that simply because Persyn held a deed for property adjacent to—but not including—the disputed parcel, the analysis under I.C. § 5–208 was appropriate. We disagree.

A comparison of the two statutes which define the distinct claims of title for adverse possession may be helpful at this point. Idaho Code § 5–208, a claim under a written instrument, and I.C. § 5–210, possession under an oral claim, have remained virtually intact since their adoption into the 1881 Idaho Code of Civil Procedure. The precursor and source of these statutes was the 1872 California Code of Civil Procedure, § 323 and § 325 respectively.

The Supreme Court of California in *Kimball v. Lohmas*, 31 Cal. 154 (1866) distinguished between adverse possession founded upon a "color of title" and that founded upon a "claim of title."

> Adverse possession is of different kinds: First, where the possession is taken by bow and spear without color of title, but with the intent to claim the fee exclusive of any other right and to hold it against all comers ...; second, where the possession is taken under a claim of title

founded upon a written instrument, as a conveyance, or upon the decree of judgment of a Court of competent jurisdiction. The first is sufficient to put the Statute of Limitations in motion, and, at the expiration of five years, vest in the usurper a right, under the statute which is equivalent to title; but until the statute has run he is as to the true owner a mere intruder, without right. It cannot be said in any just sense that as between him and the true owner a case of conflicting titles is presented until the statute has run; or that until then there can be, as between them, any substantial contest as to the title. But as to the other, or second kind of adverse possession, the case is otherwise. There the possession is accompanied by at least a colorable title, and an actual and substantial contest as to the title must arise whenever the party out of possession undertakes to assert his rights in any kind of action, for they occupy the position of conflicting claimants as to the true title, and not as to the possession only.

*Id.* at 159.

We conclude that Persyn's claim to the disputed triangular area west of the fence is not "founded upon a written instrument" within the meaning of I.C. § 5–208, because no written instrument purports to give her actual title to or color of title to the disputed strip. Although the district court made no such specific finding, it implied the same by proceeding to examine the elements of adverse possession under I.C. § 5–210.

■ We now turn to the question whether the elements of adverse possession under § 5–210 were proven by Persyn. The statutory requirements of adverse possession must be established by clear and satisfactory evidence. *Berg v. Fairman,* 107 Idaho 441, 690 P.2d 896 (1984). In reviewing the district court's findings, then, our standard of review is one of clear error, absent which we will not disturb the findings. *Gage v. Davis, supra.*

■ The district judge held that the fence did not constitute a substantial enclosure under I.C. § 5–210(1). He was persuaded that the fence had not been erected by Persyn or Persyn's grantors and that its purpose never was to enclose any part of Persyn's property. *See Loomis v. Union Pacific Railroad Company,* 97 Idaho 341, 544 P.2d 299 (1975); *Schutten v. Beck,* 757 P.2d 1139 (Colo.App.1988). When the County owned the property now belonging to the Favreaus, the County permitted an employee to erect the fence to contain the employee's horses within the property owned by the County. At no time was the fence regarded as the boundary between the two parcels.

■ The district judge also ruled that the actions of Persyn's predecessor in clearing brush from the fence area and maintaining the fence up until 1979, and any actions by Persyn thereafter, were insufficient to be considered "improvement" as required by I.C. § 5–210(2). Finally, the district judge concluded that neither Persyn nor her predecessors "in any way indicated an open and notorious hostile intent which brought home to the [Favreaus] or their predecessors in title that [Persyn] was claiming title to the real estate in dispute."

■ We hold that the decision of the district court was well reasoned and founded upon sufficient evidence. The burden of showing all of the essential elements of adverse possession is upon the party seeking title thereunder. *Berg,* supra at 443, 690 P.2d at 899. Further, under I.C. § 5–210, the claimant must either substantially enclose the property or cultivate or improve the property to meet the requirements of adverse possession. *Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981). We agree that Persyn failed in her proof of adverse possession of the disputed area, satisfying neither the enclosure element nor the improvement element.

The last issue raised by Persyn was essentially one of notice. Persyn contended that the existence of the fence line imparted notice of an adverse claim, such that when the Favreaus bought the property in 1983, they had a duty to inquire as to the extent of such claim because the fence line

was not on the survey line. The district court made a finding that after 1979, the fence fell into disrepair, with much of the barbed wire and many of the posts down at the time Favreaus bought the adjacent property. Then, in its conclusions of law, the district court rejected Persyn's argument and authority as unfounded. It has long been held in Idaho that "the party seeking to quiet title against another must succeed on the strength of his own title, and not on the weakness of that of his adversary." *Pincock v. Pocatello Gold & Copper Mining Co.*, 100 Idaho 325, 331, 597 P.2d 211, 217 (1979) (citations omitted). Persyn cannot resort to proving her adverse possession claim by transferring the burden of proof to the party against whom the claim is being made.

The decree of the district court in favor of the Favreaus and against Persyn is affirmed. Costs to respondents Favreau. No attorney fees awarded on appeal.

WALTERS, C.J., and WINMILL, J., Pro Tem., concur.