949 P.2d 1061

LeRoy E. LINDGREN and Patricia A. Lindgren, husband and wife, Plaintiffs–Respondents,

v.

Ruth MARTIN, Defendant–Appellant,

and

The heirs and devisees, if any, of the Estate of Albert Martin, and to all other persons, unknown, claiming any right, title, estate, lien or interest in the real property described in the complaint adverse to plaintiffs' ownership or any cloud upon plaintiffs' title thereto, Defendants.

No. 22779.

Supreme Court of Idaho, Coeur d'Alene, October 1997 Term.

Dec. 8, 1997.

Finney & Finney, Sandpoint, for appellant. Gary A. Finney argued.

Paul W. Vogel, Jr., Sandpoint, argued for respondents.

WALTERS, Justice.

This is an appeal from the district court's decree quieting title to a 0.93 acre parcel of land in Bonner County. The decree was in favor of LeRoy and Patricia Lindgren based upon the order of the district court holding that the Lindgrens had proved their claim of title by adverse possession and their claim of boundary by acquiescence. We affirm the decree.

## FACTS AND PROCEDURAL BACKGROUND

The Lindgrens are the owners of a twenty-acre parcel of land described as the E1/2 of the NE1/4 of the NE1/4 of Section 15, Township 57 North, Range 1 East, Boise Meridian, Bonner County, Idaho. Adjoining this land to the west was a parcel owned by Albert and Ruth Martin, described as the W1/2 of the NE1/4 of the NE1/4 of Section 15, Township 57 North, Range 1 East, Boise Meridian, Bonner County, Idaho and later as the West½ of Government Lot 3. Where the two parcels adjoin, Trestle Creek Road runs along the approximate north boundary of the properties. Trestle Creek flows through the properties generally in an east-west direction. At the point where the two parcels adjoin, Trestle Creek is located about 300 feet south of Trestle Creek Road.

At the time they acquired their property in 1960, the Lindgrens were aware of a fence running between Trestle Creek Road on the north and Trestle Creek on the south. The Lindgrens moved onto their property and over the years, they maintained and repaired the original barbed wire fence and replaced it first in 1965 with peeled poles and again in the 1970's with cedar boards. The Lindgrens treated the fence line as the westerly boundary of their property.

The Martins never resided on their property after they purchased it in 1957. They moved to Bonner County from their home in California in 1963 and at that time used the property adjoining the Lindgrens' primarily on weekends and for vacations. The Martins eventually sold off all but approximately sixteen acres adjoining the Lindgrens' property, which they visited less and less.

Sometime in 1971, the Martins hired an attorney to contact the Lindgrens concerning the boundary line between their adjoining properties. By letter of June 17, 1971, the Martins' attorney advised the Lindgrens that a survey had been obtained which showed that the existing fence line between the properties "is not located on the true and exact property lines." The letter further requested that the Lindgrens cease encroaching on the Martins' property and restore the survey line. There is nothing to reflect a change in the parties' positions as a result of the letter, indeed the Lindgrens continued to occupy the property up to the fence line. In addition to keeping the fence in good repair, the Lindgrens maintained a lock on a gate and fence located along Trestle Creek Road on the northerly boundary of the disputed parcel and their property through which they had exclusive access to their home. The Lindgrens used the disputed parcel at various times to store a car, car parts and snowmobiles, to maintain a lumber pile, to play on and to camp on. They cleared the area of dead fall and planted trees consistent with promoting the wilderness habitat where they could observe local wildlife. Until the completion of a survey in 1991 which located the fence in relation to the parcel described in their deed, the Lindgrens were unaware of the true boundary line separating their property from the land owned by the Martins. This survey revealed that the fence line was located to the west of the mutual boundary between the Lindgrens' and the Martins' properties as described in their deeds. The survey exhibited the disputed parcel at issue in this case, an area 0.93 acres in size bounded on the east by the mutual boundary found in the deeds' descriptions, by Trestle Creek Road on the north, by the fence line on the west and on the south by the centerline of Trestle Creek.

In 1993 the Lindgrens filed a complaint against Ruth Martin and the heirs and devisees of Albert Martin, seeking to quiet title to the disputed 0.93 acres as described in the 1991 survey. The Lindgrens claimed title by adverse possession of the disputed parcel. As an alternative theory, they also alleged the existence of a boundary by acquiescence,

that is, the fence line running in a north-south direction between Trestle Creek Road and Trestle Creek. Martin answered and counterclaimed, asserting her right to title to the disputed parcel. The case proceeded to trial before the court without a jury.

The district court issued findings and conclusions on January 4, 1996. The district court found that the property inclosed by the fence constituted an area of 0.93 acres in size, that the fence had been in the same location since 1940, and that the parties' grantors as far back as 1956 had considered the fence "our fence line." The district court made findings as to the Lindgrens' exclusive use of a locked gate providing access to the disputed property, their efforts to clear brush and fallen limbs in the area, and the ways that they used and improved the property. The district court found that the fence was acquiesced in as the boundary line from 1940 to 1960, the date of the Lindgrens' purchase, from 1960 to 1971 by the Lindgrens and the Martins, and after the 1971 letter to the date of the instant action. Accordingly, the district court concluded that the Lindgrens had proved entitlement to the disputed 0.93 acres both by adverse possession and by boundary by acquiescence. On January 23, 1996, the district court entered a decree quieting title to the disputed 0.93 acres in favor of the Lindgrens, followed by an order and judgment awarding costs to the Lindgrens as the prevailing party. Martin timely appealed from the decree quieting title in the Lindgrens.

## ISSUES

Martin raises three issues on appeal. Martin asserts that the legal description of the disputed property awarded in the decree quieting title in the Lindgrens is not supported by the evidence. She challenges the district court's finding of inclosure, which supported the district court's conclusion that a claim of adverse possession had been proved. She also contends that the district court erred in finding a boundary by acquiescence in that the district court failed to find a required element, i.e., that the boundary was uncertain or in dispute.

## ANALYSIS

Initially, the district court found that the disputed parcel constituted an area of 0.93 acres in size. The district court described the area inclosed by the fence line as follows:

[F]rom the Trestle Creek Road to Trestle Creek; from Trestle Creek east to the true north south line; along the true north south line north to the northwest corner of the property; and from the true northwest corner of the property to the northern terminus of the fence line.

Later, in the decree quieting title to the disputed area in the Lindgrens, the district court described the property by metes and bounds. Martin claims that because the district court did not make a finding regarding the legal description of the disputed property, the metes and bounds description contained in the decree is unsupported by the record and cannot stand.

A metes and bounds description in a quiet title judgment, which was unsupported by the record and based apparently on a survey conducted by counsel for the successful party after trial, has been held improper, and a new survey by disinterested, qualified engineers should be ordered. *Lisher v. Krasselt*, 94 Idaho 513, 517, 492 P.2d 52, 56 (1972). Contrary to Martin's assertion, the record in this case reflects that the metes and bounds description was derived from the survey performed by Larry Glahe in 1991. The survey was admitted into evidence as plaintiff's exhibit 1 to provide the legal description of the 0.93 acres and to illustrate the location of the fence line in relation to the true line between the parcels and the location of the fence line in relation to Trestle Creek Road and Trestle Creek. Glahe also testified at trial that the metes and bounds description was the legal description of the 0.93 acre disputed parcel of land.

■ The Lindgrens's complaint to quiet title contained the metes and bounds description which was identified as Parcel 2. In her answer to the complaint, Martin did not challenge the whole or any part of the description. Averments in a complaint to which a responsive pleading is required are admitted when not denied in the responsive pleading.

I.R.C.P. 8(d). The metes and bounds description, therefore, is clearly supported by the record and will not be disturbed despite a lack of findings that the metes and bounds set forth the legal description of the 0.93 acre disputed parcel. *See Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (A lack of findings may be disregarded by an appellate court only if the record is clear and yields an obvious answer to the relevant factual question.).

▓▓ We turn next to the Lindgrens' proof of their claim to title by adverse possession. Idaho Code § 5–210 defines the elements of adverse possession under an oral claim of right. The statute provides as follows:

> For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:
>
> 1. Where it has been protected by a substantial inclosure.
>
> 2. Where it has been usually cultivated or improved.
>
> Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for a period of five (5) years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law.

The burden of showing all of the essential elements of adverse possession is upon the party seeking title thereunder and every element of adverse possession must be proved with clear and satisfactory evidence. *Berg v. Fairman,* 107 Idaho 441, 690 P.2d 896 (1984); *Loomis v. Union Pacific Railroad,* 97 Idaho 341, 544 P.2d 299 (1975); *Swanson v. State,* 83 Idaho 126, 358 P.2d 387 (1960). The requirements of inclosure and improvement found in I.C. § 5–210 are written in the disjunctive, and it is sufficient to show either a substantial inclosure or cultivation or im-

provement. *Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981).

The district court concluded that the Lindgrens had proved their claim of adverse possession and thus were entitled to a decree quieting title to the 0.93 acre parcel in them. The district court did not specify the section of the statute on which its decision was grounded; however, as one basis for its conclusion, the district court found that the area in dispute was inclosed by a fence. This finding, Martin contends, is not supported by the evidence.

▓▓ A trial court's findings of fact in a court-tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact. *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.,* 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). The trial court's findings and conclusions which are based on substantial, albeit conflicting, evidence will not be disturbed on appeal. *Id.* Hence, the only question of concern here is whether there was sufficient evidence in the record for the district court to find an inclosure as required by I.C. § 5–210(1).

Martin asserts that there never was a fence on the westerly lot line of the Lindgrens' deeded property nor on the southern boundary of the disputed property. She argues, therefore, that the disputed property could not be said to be inclosed as required by I.C. § 5–210(1). Martin does not contend that the inclosure has to be a fence, but claims that the district court's finding of inclosure is in error because the fence was only *partially* along the north side of the property and was short of reaching the creek on the west side. Alternatively, Martin relies on *Persyn v. Favreau,* 119 Idaho 154, 804 P.2d 327 (Ct.App.1990), arguing that because the disputed fence at issue in this case never contained livestock, there can be no inclosure sufficient to satisfy the statute.

▓▓ I.C. § 5–210(1) requires "that land claimed by adverse possession be 'protected by a substantial inclosure.'" *Smylie v. Pearsall,* 93 Idaho 188, 193, 457 P.2d 427, 432 (1969). It is true that the character of the inclosure may vary somewhat from case to

case "so long as it satisfies what is usual under the circumstances and indicates clearly the boundaries of the adverse occupancy." *Id., citing Trask v. Success Mining Co.*, 28 Idaho 483, 490–91, 155 P. 288, 290 (1916). Adverse claimants must establish that they constructed or maintained an inclosure on the disputed parcel of land to indicate the extent of their claim. *Capps v. Wood*, 117 Idaho 614, 619, 790 P.2d 395, 400 (Ct.App. 1990), *citing Loomis v. Union Pacific Railroad Co.*, 97 Idaho 341, 544 P.2d 299 (1975).

The testimony of the surveyor indicated that the fence which purported to be the westerly boundary of the disputed parcel was 270.82 feet in length and extended to approximately ten feet from Trestle Creek, or twenty-five feet from the centerline of Trestle Creek, which delineated the southerly boundary of the disputed parcel. The surveyor testified that it was in the fall of 1991, during a time of low water in the creek, when he performed the survey. Leroy Lindgren testified that the end of the fence line was in the creek during high water periods, as he recalled times when he had stood in the water to set posts and rebuild the fence.

█ It has been held that a fence can delineate the boundary of property regardless of the location of the actual boundary when the other elements of adverse possession are present. *Standall v. Teater*, 96 Idaho 152, 156, 525 P.2d 347, 351 (1974). It has also been recognized that a natural boundary can mark the confines of property adversely possessed. *Id.; see Owen v. Boydstun*, 102 Idaho at 34, 624 P.2d at 416 (Neither the improvements made nor the artificial or natural boundaries surrounding the disputed property, served to sufficiently delineate the area adversely occupied to meet the statutory requirements.).

There is evidence in the record that the disputed property was protected by a fence line along Trestle Creek Road to the north, by the fence line constructed and maintained by the Lindgrens or their predecessors to the west (which ran from Trestle Creek Road to Trestle Creek) and by the creek to the south. The district court's factual finding of inclosure is supported by substantial and competent evidence and therefore is not clearly erroneous or reversible. As a consequence of this holding, we need not discuss improvements made to the disputed property as alternative proof of adverse possession to support the district court's conclusion. We uphold the district court's conclusion that the Lindgrens satisfied all of the requirements necessary to prove their claim of adverse possession. Furthermore, because our affirmance of the district court's finding of adverse possession entitles the Lindgrens to a decree quieting title of the disputed property, it is not necessary to address the issue raised by Martin with respect to the district court's finding of boundary by acquiescence.

## CONCLUSION

The decision of the district court finding that the disputed property was substantially inclosed will not be disturbed. On that basis, we affirm the decree of the district court quieting title to the 0.93 acres in the Lindgrens.

As no attorney fees on appeal were requested, none are awarded. Costs to respondents, Lindgrens.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.