48 P.3d 1250

**Clifford UTTER and Donna Utter, Plaintiffs–Respondents,**

v.

**Thomas A. GIBBINS, Jr. and Ingrid Elena Gibbins, Defendants–Appellants.**

No. 26729.

Supreme Court of Idaho, Boise, April 2002 Term.

June 6, 2002.

WALTERS, Justice.

This is an appeal from the district court's partial grant of Clifford and Donna Utter's motion for summary judgment in an action to quiet title to real property. The appellants Thomas and Ingrid Gibbins assert that the district court erred by quieting title in the Utters and by enjoining the Gibbinses from trespassing by diverting water onto the Utters' property. We affirm the partial summary judgment.

## FACTS AND PROCEDURAL BACKGROUND

Clifford Utter and Thomas Gibbins own adjoining lots in Boundary County, Idaho. Clark Creek passes through one of Utter's parcels of land (Parcel No. 1). The parties dispute the ownership of the land between the southern boundary of Utter's Parcel No. 1 and Clark Creek.

In 1996, an underground spring was uncovered while Gibbins was having some excavation work done on his property. Utter was away from home at the time the spring was struck. The excavation released water that flowed downhill onto another parcel of Utter's land (Parcel No. 2). Gibbins went onto Utter's Parcel No. 2 and dug a small ditch to divert the water to an existing drainage ditch in an attempt to minimize the amount of water standing on Utter's field.

As a result of the damage to his property, Utter filed a complaint on October 31, 1996, seeking to quiet title and to enjoin Gibbins from entering Utter's property, Parcel No. 1. Utter also sought recovery of damages for trespass by Gibbins on Parcel No. 2. Gibbins responded by counterclaiming that he owned part of the property in Parcel No. 1 either by conveyance or by adverse possession and denied that he had caused any damages to Utter. In addition, Gibbins' counterclaim asserted that Utter had damaged Gibbins' fence and water line.

Both parties filed motions for partial summary judgment. In his motion, Gibbins asserted that Boundary County was an indispensable party that had not been joined by Utter in the action and requested that Utter's action be dismissed. The district court

James H. Paulsen, Sandpoint, for appellants. No oral argument was presented.

Holmes Law Office, P.A., Coeur d'Alene, for respondents. Edwin B. Holmes argued.

ruled that Utter was entitled to judgment quieting title to the disputed property. The court also denied Gibbins' motion concerning the alleged indispensable party, dismissed Gibbins' counterclaim and enjoined Gibbins from diverting further water onto Utter's property. The judgment was certified as final pursuant to Rule 54(b), and the issue of damages for trespass on Utter's property was reserved for a trial at a later time. Gibbins then brought this appeal from the partial summary judgment.

## ISSUES PRESENTED ON APPEAL

The following issues are presented in the appeal: (1) Did Gibbins establish the necessary facts for each element of adverse possession? (2) Was Gibbins privileged to release water onto Utter's lower land? (3) Is Utter entitled to attorney fees on appeal?

## STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same as that required of the district court in ruling upon a motion for summary judgment. *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.P.C. 56(c); *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). The burden of proving the absence of an issue of material fact rests at all times upon the moving party. *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). When a motion for summary judgment has been properly supported with evidence indicating the absence of material factual issues, the opposing party's case must not rest on mere speculation, and a mere scintilla of evidence is not enough to create a genuine issue of fact. *McCoy*, 120 Idaho at 769, 820 P.2d at 364; *G & M Farms*, 119 Idaho at 517, 808 P.2d at 854. On appeal, this Court exercises free review in determining whether a genuine issue of material fact exists and whether

the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986).

Generally, when considering a motion for summary judgment, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Construction Management Systems, Inc. v. Assurance Co. of America*, 135 Idaho 680, 682, 23 P.3d 142, 144 (2001). However, where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, "summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). *See also Cameron v. Neal*, 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997).

## DISCUSSION

### I.

### Quiet Title

Gibbins contends that he owns the disputed strip of land, which is located west of the West Side Road that fronts on Clark Creek. To support this contention, Gibbins argues that he received this land in 1995 by way of conveyance and if not by conveyance, then he has title by adverse possession. Gibbins submits that exclusivity of possession is not a required element for a claim of title by adverse possession under section 5–209–210 of the Idaho Code. However, even if exclusivity is a requirement, Gibbins argues that he and the former owner, Springett, exclusively and continuously used the property for the requisite time period.

Utter argues that Gibbins did not substantially enclose, cultivate or improve the property as required by I.C. § 5–210 to support a claim of title by adverse possession. Utter asserts that by failing to do so, Gibbins cannot show dominion and adverse control over the property. Further, Utter contends that Gibbins and Springett did not have the requi-

site hostile intent to possess the property. Utter additionally points out that Gibbins did not exclusively possess the property to the exclusion of the Utters, the lawful owners; nor does the record show that Springett excluded them, the true owners, from the property for the prescriptive period thereby negating the exclusivity requirement. We do not find the argument over exclusivity of possession to be dispositive in this case. Furthermore, the appellants do not contend that any genuine issue of material fact exists that would prevent the district court from entering a summary judgment.

■ Idaho Code § 5–208 describes the requirements for adverse possession under a written claim of title. There is nothing in the record, however, to establish that Gibbins holds title to the disputed parcel under any written instrument. Without a written instrument giving Gibbins actual title or color of title, the claim to title by proper conveyance, or by adverse possession based on a written claim of title, cannot stand. *Carney v. Heinson*, 133 Idaho 275, 281–82 n. 1, 985 P.2d 1137, 1143–44 (1999) (citing *Persyn v. Favreau*, 119 Idaho 154, 157, 804 P.2d 327, 330 (Ct.App.1990)).

· Idaho Code § 5–210 delineates the elements of adverse possession under an oral claim of right. The statute provides:

> For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:
>
> (1) Where it has been protected by a substantial inclosure.
>
> (2) Where it has been usually cultivated or improved.
>
> Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five (5) years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law.

■ The party seeking title under a theory of adverse possession has the burden of proving all of the essential elements of adverse possession by clear and satisfactory evidence. *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000); *Berg v. Fairman*, 107 Idaho 441, 443, 690 P.2d 896, 898 (1984). This Court previously has said:

> I.C. § 5–210(1) requires "that land claimed by adverse possession be 'protected by a substantial inclosure.' " It is true that the character of the inclosure may vary somewhat from case to case "so long as it satisfies what is usual under the circumstances and indicates clearly the boundaries of the adverse occupancy." Adverse claimants must establish that they constructed or maintained an inclosure on the disputed parcel of land to indicate the extent of their claim.

*Lindgren v. Martin*, 130 Idaho 854, 857–58, 949 P.2d 1061, 1064–65 (1997) (citations omitted).

■ Although Gibbins claimed to have planted a few fruit trees on the property to indicate his control and ownership of the parcel, there is no evidence in the record establishing that Gibbins constructed or maintained an enclosure upon or around the property in any sense to render the area "protected by a substantial enclosure." This Court holds that Gibbins did not meet the enclosure and cultivation requirements of I.C. § 5–210. Because Gibbins failed to prove all the essential elements for his claim of adverse possession under I.C. § 5–210 by clear and satisfactory evidence, the issue of exclusivity need not be discussed. *Baxter*, 135 Idaho at 170, 16 P.3d at 267.

This Court holds that the district court did not err by quieting title to the disputed portion of land in the Utters.

## II.

### Trespass

#### A. Indispensable Party

■ Gibbins asserts that he cannot be held liable for damages to the Utter's property caused by flooding when his excavation

uncovered the underground spring, because Utter failed to join Boundary County, an indispensable party. Gibbins contends that there is an issue whether he was the proximate cause of Utter's damages because the County's property—a culvert—"intervened" and redirected water onto Utter's property.

Idaho Rule of Civil Procedure 19(a)(1) provides a party shall be joined if

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

 This Court reviews the district court's determination that a party was not indispensable under an abuse of discretion standard. *Bank of Idaho v. Colley,* 103 Idaho 320, 647 P.2d 776 (Ct.App.1982). In considering a claim of an abuse of discretion, this Court applies a three-factor test. The inquiry focuses upon: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Baxter v. Craney,* at 169, 16 P.3d at 266, citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

There is nothing in the record, nor any argument made by Gibbins, to show that the district court abused its discretion. Although Boundary County owns a culvert that the water passed through, Gibbins has not shown that Boundary County was necessary for this action to proceed. This Court holds that the district court did not abuse its discretion in finding that Boundary County was not an indispensable party.

## B. Servitude

 The district court found that Gibbins had trespassed onto Utter's land by diverting water onto the land without Utter's authorization, and the court enjoined Gibbins from further diverting water onto Utter's property. Gibbins challenges the court's ruling by arguing that Utter, as an owner of lower property, must accept the burden of water that naturally drains onto his land, since Idaho law recognizes a servitude for the natural drainage of water. Gibbins asserts that there is no evidence that he changed the natural system of drainage. He submits that he merely but accidentally released the natural flow of near surface and surface springs to a point above ground.

 A servitude for natural drainage exists between adjoining landowners. *Burgess v. Salmon River Canal Co.,* 119 Idaho 299, 305, 805 P.2d 1223, 1229 (1991). The servitude requires a lower landowner to accept the surface waters that naturally drain from the upper landowner. *Id.* This servitude cannot be augmented or made more burdensome by the upper landowner, however, nor can the upper landowner artificially accumulate water and release it in unnatural concentrations. *Id.* (citing *Loosli v. Heseman,* 66 Idaho 469, 477, 162 P.2d 393, 397 (1945)).

Although Gibbins did not intentionally change the natural course of drainage, when the underground spring was uncovered, a change occurred. While a small amount of water may previously have seeped into Utter's land from the underground spring, the amount of water draining onto Utter's land was made more burdensome by the exposure of the spring by Gibbins. The servitude ordinarily imposed on a lower landowner does not appear to extend to this instance where the natural movement of the water was greatly increased by Gibbins' excavation efforts.

This Court holds that the district court did not err in holding that Gibbins trespassed onto Utter's land by diverting water onto the land without Utter's authorization. The court correctly enjoined Gibbins from further diverting water onto Utter's property.

## III.

### Attorney fees

 Utter requests an award of attorney fees in this appeal both as a prevailing party under I.C. § 12–120, since his claim for property damage is less than $25,000 and under I.C. § 12–121 because the appeal was brought and pursued frivolously, unreasonably and without foundation. We agree that there was no foundation for the appeal from the district court's decision with respect to the Gibbins' claim of title by adverse possession. There was an absence of any evidence to establish the required element of enclosure of the subject property. We further hold that there was no basis presented by the appeal to contest the district court's discretionary decision with regard to the alleged indispensability of Boundary County as a party to the action. "Where issues of discretion are involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion." *Andrews v. Idaho Forest Indus., Inc.,* 117 Idaho 195, 197, 786 P.2d 586, 589 (Ct.App.1990) (citing *McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987)). Finally, an award of attorney fees is appropriate if the law is well settled and the appellants have made no substantial showing that the trial court misapplied the law. *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 377, 973 P.2d 142, 148 (1999). Here, there is no showing that the district court misapplied the law. Accordingly, attorney fees on appeal are awarded under I.C. § 12–121 to the Utters.

### CONCLUSION

This Court affirms the district court's grant of partial summary judgment to Utter. Attorney fees and costs on appeal are awarded to the Utters in amounts to be determined pursuant to I.A.R. 40 and 41.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL, and EISMANN, concur.